UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARY K. CHAMBERLAIN,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CAUSE NO.: 4:19-CV-97-TLS |

**OPINION AND ORDER**

The Plaintiff Mary K. Chamberlain seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income. The Plaintiff argues that the Commissioner erred in (1) evaluating her fibromyalgia symptoms in relation to Social Security Ruling 12-2p and her treating physician's opinion, and (2) failing to consider the cumulative effect of her impairments. For the reasons set forth below, the Court finds that reversal and remand for further proceedings is required.

**PROCEDURAL BACKGROUND**

On July 29, 2016, the Plaintiff filed an application for supplemental security income, alleging disability beginning on September 10, 2007. AR 7, ECF No. 8. After the claim was denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) via video on May 30, 2018. *Id.* On September 17, 2018, the ALJ issued a written decision that found the Plaintiff not disabled. *Id.* at 7–18. The Plaintiff sought review of the ALJ's decision by the Appeals Council, which issued a decision denying benefits on August 21, 2019. *Id.* at 62–66. In its decision, the Appeals Council largely adopted the ALJ's opinion with some limited modifications. *See id.* The Plaintiff now seeks judicial

review under 42 U.S.C. § 405(g). On October 11, 2019, the Plaintiff filed her Complaint [ECF No. 1], seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief [ECF No. 14], the Commissioner filed a response brief [ECF No. 19], and the Plaintiff filed a reply brief [ECF No. 20].

## THE ALJ'S DECISION

For purposes of supplemental security income, a claimant is "disabled . . . if [she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 416.905(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 416.920.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 416.920(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since July 29, 2016, the application date. AR 9.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 416.920(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, fibromyalgia, major depressive disorder, posttraumatic stress disorder, and personality disorder. AR 9.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. § 416.920(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 416.920(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing. AR 9–10.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 416.920(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally climb ramps, stairs, ladders ropes, and scaffolds. The claimant can balance stoop, kneel, crouch and crawl occasionally. She can frequently reach overhead with her right upper extremity. She is able to perform routine, repetitive tasks and have occasional interaction with supervisors, coworkers and the public. Finally, the claimant must work in a low-stress environment that does not require production rate pace or quota requirements.

AR 12.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. § 416.920(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work. AR 16.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's

3

age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy, such as a bench assembler, packer, and sorter. AR 17–18. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. § 416.912.

## APPEALS COUNCIL'S DECISION

The Plaintiff sought review of the ALJ's decision with the Appeals Council on the basis that the decision was contrary to the law and regulations and was not supported by substantial evidence. AR 2. The Appeals Council issued a written decision concluding that the Plaintiff is not disabled and, therefore, is not entitled to supplemental security income. *Id.* at 62–66. In doing so, the Appeals Council largely adopted the ALJ's decision including the ALJ's "statements regarding the pertinent provisions of the Social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable;" the ALJ's "findings or conclusions regarding whether the claimant is disabled;" and the ALJ's "findings at steps one through five of the sequential evaluation process." *Id.* at 62.

The Appeals Council did, however, correct some issues it found with the ALJ's decision. First, it noted that the ALJ did not consider the treating source opinion from Dr. Gregory French and determined that the opinion should be assigned "little weight" as it was not consistent with the overall evidence of record. *Id.* at 62–63. Second, the Appeals Council stated that the ALJ erred in relying on Medical Vocational rule 201.27, explaining that the correct rule is Medical Vocational rule 201.21. *Id.* at 62. However, it determined that, based on the testimony of the vocational expert, the Plaintiff is not disabled under the proper rule. *Id.* at 64.

4

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). "Because the Commissioner has delegated the authority to make final decisions to the Appeals Council, reviewing courts must defer to the Appeals Council's decision." *Schoenfeld v. Apfel*, 237 F.3d 788, 792 n.2 (7th Cir. 2001) (citing *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992)). When the Appeals Council enters a decision in a case, that "constitutes the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g)." *Id.* But, if the Appeals Council adopted an ALJ's opinion with modifications—as it did here—a court still "review[s] the decision of the ALJ as modified by the Appeals Council." *Arbogast v. Bowen*, 860 F.2d 1400, 1402–03 (7th Cir. 1988); *see Stocks v. Saul*, 844 F. App'x 888, 892 (7th Cir. 2021).

On review, a court considers whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that

of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The Commissioner is not required to address every piece of evidence or testimony presented, but there is "a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

The Plaintiff raises two arguments, but the Court need only address the one that compels remand. The Commissioner erred in evaluating the limitations of the Plaintiff's fibromyalgia—specifically, by failing to adequately explain the decision to assign "little weight" to her treating physician's medical opinion.

### A. Evaluation of Fibromyalgia and Dr. French's Medical Opinion

The Plaintiff's argument presents two issues: (1) the Commissioner erred in the evaluation of her fibromyalgia under Social Security Ruling (SSR) 12-2p; and (2) the Commissioner erred by dismissing the opinion of her primary physician, Dr. French, who diagnosed her with fibromyalgia and opined on her limitations. *See* Pl. Br. 8, ECF No. 14. The

Commissioner responds that the Plaintiff's fibromyalgia was properly considered under the regulations and sequential evaluation and that the Appeals Council corrected any error regarding Dr. French. *See* Def. Resp. 7, ECF No. 19.

Beginning with SSR 12-2p, that ruling was intended to provide guidance on how the Commissioner develops evidence related to fibromyalgia and evaluates the condition for disability claims. *See* SSR 12-2p, 2012 WL 3104869, at *1 (July 25, 2012). Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." *Id.* at *2; *see also Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996) (describing fibromyalgia as "a common, but elusive and mysterious, disease"). Courts have recognized there are difficulties with both diagnosing fibromyalgia and understanding the severity of the condition. *Apke v. Saul*, 817 F. App'x 252, 257 (7th Cir. 2020); *see Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017) (explaining that fibromyalgia "cannot be measured with objective tests aside from a trigger-point assessment").

For the purpose of disability claims, SSR 12-2p lays out the evidence needed to conclude that a claimant has the medically determinable impairment of fibromyalgia. SSR 12-2p, 2012 WL 3104869, at *2. As a general matter, a disability claimant needs to provide evidence from a licensed physician that has "reviewed the person's medical history and conducted a physical exam." *Id.* It also provides specific criteria that would establish the impairment, including (1) a physician diagnosis of fibromyalgia, (2) meeting the criteria set forth by the American College of Rheumatology, and (3) that the diagnosis is not inconsistent with other evidence in the record. *Id.* at *2–3. In addition to providing information about evaluating evidence of fibromyalgia, the ruling explains that the Commissioner follows the ordinary five-step process when making a

disability determination. *Id.* at *5. The ruling recognizes that there are unique issues related to fibromyalgia that might be relevant to the five-step sequence. *See id.* at *5–6.

With this in mind, it is not entirely clear what the Plaintiff is arguing under SSR 12-2p. In her brief, she discusses at length how she has established the criteria set forth in the ruling and argues that the ALJ erred in concluding that the requirements of SSR 12-2p were not met because of other medical listings. *See* Pl. Br. 8–11. But the Plaintiff misconstrues the ALJ's opinion. When considering SSR 12-2p, the ALJ stated that "the record evidences repeated manifestations of symptoms that would support finding the claimant['s] fibromyalgia is a medically determinable severe impairment." AR 11. Of course, the ALJ went on to deny the Plaintiff supplemental security income, but that is not prohibited by SSR 12-2p. *See Thompson v. Colvin*, 575 F. App'x 668, 677 (7th Cir. 2014) (explaining that a fibromyalgia diagnosis does not automatically entitle a claimant to benefits). As for the ALJ's comments about other relevant listings, SSR 12-2p explains that an ALJ is supposed to determine whether the claimant's fibromyalgia meets or equals a listing because fibromyalgia is not a listed impairment. *See* SSR 12-2p, 2012 WL 3104869, at *6. Thus, to the extent the Plaintiff argues that the ALJ erred in these ways, she has not presented grounds for remand.

The Plaintiff next raises concerns about how the Commissioner evaluated (or failed to evaluate) the opinion of Dr. French, her treating physician. *See* Pl. Br. 13. The treating physician rule, applicable in this case,[1] provides that the opinion of a treating physician on the nature and severity of an impairment is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

---

[1] On January 18, 2017, the Commissioner published new regulations, "Revisions to Rules Regarding the Evaluation of Medical Evidence," which addressed 20 C.F.R. § 416.927. However, the new regulations only apply to claims filed on or after March 27, 2017, and the claim in this case was filed in 2016.

substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2); *see also Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (stating that a treating physician's opinion "that is consistent with the record is generally entitled to 'controlling weight'").

If the treating physician's opinion is not given controlling weight, the Commissioner must apply the factors set forth in the regulations to determine what other weight to give the opinion. 20 C.F.R. § 416.927(c)(2); *see also Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014) (requiring an explicit discussion of certain regulatory factors on remand). The factors are whether there is an examining relationship; whether there is a treatment relationship, and if so, the length of the relationship, the frequency of examination, and the nature and extent of the relationship; whether the opinion is supported by relevant evidence and by explanations from the source; the consistency of the opinion with the record as a whole; whether the opinion was offered by a specialist about a medical issue related to his or her area of specialty; and any other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(2)–(6). The Commissioner "must offer good reasons for discounting the opinion of a treating physician." *Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) (citing *Moore*, 743 F.3d at 1127).

In support of the Plaintiff's disability claim, Dr. French provided two Physical Residual Function Capacity Medical Source Statements: one dated August 8, 2017, *see* AR 587–90; and another dated October 9, 2013, *see id.* at 591–94. Although the ALJ never assigned these opinions any weight, the Appeals Council attempted to correct that error as to the 2017 opinion. *Id.* at 62. It described Dr. French's 2017 opinion as follows:

> On August 8, 2017, Dr. French opined that the claimant can constantly lift and carry less than 5 pounds, frequently lift and carry 5 pounds, and occasionally lift 10 pounds. Dr. French indicated that the claimant cannot walk more than one city block without rest or severe pain, or walk more than one city block on rough or uneven terrain. The claimant cannot climb steps without use of a handrail. The claimant has problems with balance when ambulating and had problems stooping,

9

>crouching, and bending. The claimant needs to lie down for 20 minutes and would need to lie down or recline for 5 hours during an 8-hour day. The claimant can sit for 2 hours and stand or walk for less than 1 hour. The claimant would be off task more than 30% of the day and absent more than 5 days per month.

AR 63–64. The Appeals Council assigned this opinion "little weight," explaining that it was "not consistent with the overall medical evidence of record or the other medical opinions." *Id.*

The Appeals Council's assessment of Dr. French's opinion was insufficient and requires remand. While the Appeals Council may discount an opinion that is inconsistent with the record, it needs to provide adequate support for its conclusion. *See Reinaas v. Saul*, 953 F.3d 461, 465 (7th Cir. 2020); *see also Smith v. Berryhill*, No. 3:17-cv-261, 2018 WL 4357129, at *6 (N.D. Ind. Sept. 13, 2018) (stating that the Commissioner failed to "identify specific inconsistencies" to allow the court to determine how the opinion is inconsistent). But here, the Appeals Council never explained which evidence it found to be inconsistent with Dr. French's opinion, nor did it address any of the evidence that arguably supports his opinion. For example, it did not discuss Dr. French's 2013 opinion, *see* AR 591–94, or how both Dr. French's and Dr. Julian Ungar-Sargon's medical records document the Plaintiff's long-term issues with mobility, pain, and tenderness in relation to her fibromyalgia, *see id.* at 516, 519–20, 527, 530, 532, 535, 576–78, 580–82, 595–97, 602–04, 616–18, 632–34, 639, 643, 645, 648–49, 657, 660. By failing to even acknowledge this evidence when assigning Dr. French's opinion little weight, the Appeals Council erred. *See Lambert v. Berryhill*, 896 F.3d 768, 775 (7th Cir. 2018) (stating that a "failure to consider findings that support a treating physician's opinion is error").

Moreover, since the Appeals Council determined that Dr. French's opinion was not entitled to controlling weight, it was required to consider the relevant factors under 20 C.F.R. § 416.927(c). *See Gerstner v. Berryhill*, 879 F.3d 257, 263 (7th Cir. 2018). While the Appeals Council does not need to explicitly address every factor, *see Schreiber v. Colvin*, 519 F. App'x

951, 959 (7th Cir. 2013), it should have addressed them in a way to enable review by this Court, *see Scrogham v. Colvin*, 765 F.3d 685, 697–98 (7th Cir. 2014). However, the Appeals Council only considered the opinion's consistency with the record and ignored other aspects of the treatment relationship. This includes the fact that Dr. French began treating the Plaintiff in 2011, that he maintained regular appointments, AR 587, 590, and that he administered many physical exams, *id.* at 519–20, 530, 535, 643, 648–49, 660. Considering this underlying relationship, Dr. French's opinion would generally be afforded greater weight under the regulations because the relationship involved examinations and the opinion reflected a longitudinal picture of the Plaintiff's condition. *See* 20 C.F.R. § 416.927(c)(1)–(2). In fact, his opinion seems particularly valuable in a fibromyalgia case where "the symptoms . . . can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6. It may be that Dr. French's opinion does not deserve controlling weight under these factors; however, the Appeals Council needed to address the relevant evidence and regulations in reaching its conclusion. *See Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016) (explaining that the Commissioner "was required to explicitly consider the details of the treatment relationship and explain the weight he was giving the opinion").

Therefore, remand is necessary so that the Commissioner can properly evaluate Dr. French's opinion in light of the regulatory factors and provide an adequate explanation for the weight it is ultimately assigned.

**B.      Other Arguments**

The Plaintiff makes additional arguments that the ALJ erred by failing to consider the cumulative effect of her impairments and in evaluating her impairments under the regulatory listings. In her reply, she also raises an issue for the first time about whether the ALJ properly

11

found that there were significant jobs in the national economy. However, since remand is required due to the Appeals Council's error regarding Dr. French's opinion, these issues need not be addressed at this time. The Plaintiff can address her other concerns on remand.

## C. Award of Benefits

The Plaintiff asks the Court to reverse and remand for an award of benefits, or, in the alternative, for a new hearing and decision. "An award of benefits is appropriate . . . only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005)). Based on the discussion above, an immediate award of benefits is not appropriate.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 14] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion. The Court DENIES the Plaintiff's request to award benefits.

SO ORDERED on March 17, 2022.

    s/ Theresa L. Springmann
    JUDGE THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT